# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

DAVID P. SHURLAND,

    Plaintiff,

v.                            Civil Action No. 3:19-cv-92

DARLENE EDWARDS,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the DEFENDANT'S RENEWED MOTION TO DISMISS (ECF No. 16) (the "Motion"). For the reasons set forth below, the Motion will be granted, and the dismissal will be with prejudice.

## BACKGROUND

David Shurland ("Shurland"), proceeding pro se, brings this action against Darlene Edwards ("Edwards"), the Public Affairs Officer at the Hunter Holmes McGuire VA Medical Center ("McGuire") in Richmond.

Although the allegations in Shurland's COMPLAINT (ECF No. 1) are difficult to discern, it appears that he (a veteran) was at McGuire on or around August 7, 2018 (hereinafter, "August 7") for medical care. See generally Compl. at 1-5 (ECF No. 1); see also ECF No. 1-1 at 3-6 (letter attached to COMPLAINT describing August 7 incident). On that day, in an effort to seek assistance, Shurland

attempted to go to the office of McGuire's Director, but was stopped in the hallway by Edwards. Id. Shurland asserts that Edwards "assaulted" him in the hallway as he tried to get to the Director's office. Compl. at 2. The McGuire staff apparently had a different view, because the police were called and Shurland was cited for disorderly conduct. Id.; see also ECF No. 1-1 at 7 (citation).

Then, according to Shurland, he was given a court date of October 25, 2018 on the disorderly conduct charge. Compl. at 2. Shurland appeared on that date, and was told that "the charge had been ultimately DISMISSED three weeks earlier and I could leave. I believe it to have been an unprecedented, shocking, disgraceful and horrifying explanation." Id. (alteration in original). Since the dismissal of his disorderly conduct charge, Shurland alleges that he has tried to determine whether there was "any admissible evidence introduced to support the [disorderly conduct] charge." Id. at 3. He asserts he has made numerous Freedom of Information Act ("FOIA") requests, but that "FOIA ETHICS ARE BEING VIOLATED," and he has not received satisfactory responses. Id. at 3-5 (alteration in original). He also states that he asked the United States Attorney's Office to prosecute McGuire for the way it handled the August 7 incident, but the office refused. Id. at 2. In short, Shurland is unhappy with how the August 7 incident was

handled and appears to believe that the aftermath of that incident evidences McGuire's mistreatment of veterans. See id. at 1-5.[1]

Shurland's COMPLAINT makes a dizzying array of conclusory allegations of "cover-up[s]," "harassment," and official misconduct in the aftermath of the August 7 incident at McGuire. See generally Compl. at 1-5.[2] Those allegations notwithstanding, Shurland states that he is bringing "a Personal Injury Lawsuit" asserting claims for "[i]ntentional Battery under the Federal Torts Claims Act (FTCA)[3] and civil action under the False Claims Act. . .[and] Disability and Age Discrimination" against Edwards. Compl. at 2. Because these are the claims that Shurland expressly

---

[1]    For example, he states: "McGuire VAMC should create an environment for Veterans to feel free to raise concerns and to be confident it will not hinder at arriving at the truth, and not retaliated upon. . . .THIS IS NOT A SOB STORY, and I am not wallowing in an unfortunate situation. It is a troubling issue, that has to be a 'National Priority.' I look upon this as an opportunity, I could not afford not to advocate for." Compl. at 2 (emphasis in original).

[2]    The Court has reviewed Shurland's COMPLAINT and supporting documents, and finds that these conclusory allegations do not satisfy the pleading standards of Twombly and Iqbal. Moreover, these allegations do not appear to have anything to do with the legal claims actually asserted by Shurland in the COMPLAINT: a claim under the Federal Torts Claims Act, a claim under the False Claims Act, and "Disability and Age Discrimination." See Compl. at 2.

[3]    As discussed below, Shurland also arguably raises FTCA claims of defamation and assault, see Compl. at 1-2, which the Court will also address.

pleads and because his other conclusory allegations are difficult to make sense of (and do not satisfy basic pleading standards), the Court reads the COMPLAINT as asserting FTCA claims, a False Claims Act ("FCA") claim, and claims for age and disability discrimination.

Edwards and the United States[4] (the "Defendants") have moved to dismiss Shurland's COMPLAINT, see ECF No. 16, and the parties have fully briefed the Motion.[5] See ECF Nos. 17, 19, 20, 21. The facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process. The matter is ripe for decision.

**THE STANDARDS GOVERNING FED. R. CIV. P. 12(b)(1) and 12(b)(6)**

The Defendants move to dismiss the COMPLAINT under both Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). The Court recently set forth the well-established principles governing Rule 12(b)(1):

---

[4]     As set forth below, the United States is the proper Defendant with respect to the FTCA claims.

[5]     Edwards' initial Motion to Dismiss and supporting memoranda did not address Shurland's allegations under the False Claims Act or for "Disability and Age Discrimination." See ECF Nos. 6, 7. Accordingly, because of Shurland's pro se status, the Court ORDERED Edwards to address these claims by Shurland and file a new Motion to Dismiss. See ECF No. 14. The current Motion was filed in response to the Court's ORDER and addresses these additional claims.

4

> A party may file a motion to dismiss for lack
> of subject matter jurisdiction under Fed. R.
> Civ. P. 12(b)(1). If a court finds that it
> does not have subject matter jurisdiction over
> the case or controversy, it must dismiss the
> action. Of course, the plaintiff bears the
> burden of establishing that federal
> jurisdiction is proper.
>
> Challenges to subject matter jurisdiction may
> be made in two ways. First, a facial challenge
> to jurisdiction may be made by arguing that
> the complaint does not allege facts that
> permit the exercise of federal subject matter
> jurisdiction. If that type of challenge is
> raised, the court must assume that all facts
> alleged in the complaint are true. Second, the
> challenge can be made under the theory that
> the complaint's assertion of subject matter
> jurisdiction is not true. In that event, a
> court may consider evidence outside the
> pleadings.

Rowe v. Clarke, 2019 WL 2477612, at *2 (E.D. Va. June 13, 2019);

Andrews v. Taylor, 2018 WL 2108022, at *2 (E.D. Va. May 7, 2018)

(citation omitted). Claims of sovereign immunity by the United

States are properly considered under Fed. R. Civ. P. 12(b)(1), and

waivers of sovereign immunity are strictly construed in favor of

the sovereign. See Welch v. United States, 409 F.3d 646, 650-53

(4th Cir. 2005).

Motions to dismiss based upon Fed. R. Civ. P. 12(b)(6) are

evaluated under the following standards:

> In [considering a Fed. R. Civ. P. 12(b)(6)
> motion to dismiss], we must accept the factual
> allegations of the complaint as true and
> construe them in the light most favorable to

the nonmoving party. To survive a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" A claim is "plausible on its face," if a plaintiff can demonstrate more than "a sheer possibility that a defendant has acted unlawfully."

Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic." Rockville Cars, 891 F.3d at 145 (citation omitted). Notwithstanding those basic principles, however, the Court does not "accept as true a legal conclusion couched as a factual allegation." SD3, LLC v. Black & Decker (U.S.) Inc., 801 F.3d 412, 422 (4th Cir. 2015) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Further, courts construe pro se complaints liberally. As the Supreme Court has instructed, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). That said,

6

"[p]rinciples requiring generous construction of pro se complaints are not. . .without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Construing Shurland's largely incoherent and rambling pro se COMPLAINT liberally, he alleges various FTCA claims, a claim under the FCA, and "Disability and Age Discrimination." As set forth below, all of these claims fail, and the Motion is granted. And, although Shurland is pro se, amendment of his COMPLAINT would be futile; therefore, dismissal will be with prejudice.

### A. The FTCA Claims Are Dismissed For Lack Of Jurisdiction

Shurland states that he is "filing a Personal Injury Lawsuit, with Intentional Battery under the Federal Torts Claims Act (FTCA)" against Edwards, a federal employee at McGuire.[6] Compl. at 2 (ECF No. 1). Shurland also makes vague references (in different parts of the COMPLAINT) to "Defamation of Character" and assault.[7] Id. at 1-2. The analysis under the FTCA is the same for all of these

---

[6]     The FTCA is codified at 28 U.S.C. §§ 1346(b), 2671-80. See Maron v. United States, 126 F.3d 317, 321 (4th Cir. 1997).

[7]     Based on a notation in the Court's ECF docket sheet, the Defendants argue that Shurland is also asserting claims for libel and slander. ECF No. 17 at 4.  It is not clear whether those claims are asserted in the COMPLAINT.  However, whether they are included or not is irrelevant because claims for libel and slander are not covered by the FTCA's waiver of sovereign immunity. Id.; see also 28 U.S.C. § 2680(h).

claims because they are all intentional torts for which the United States has not waived sovereign immunity.

### (1) Shurland's FTCA Claim Is Against the United States

Before discussing Shurland's FTCA claims against Edwards, it is necessary to address a threshold issue: is Edwards the proper party for the FTCA claims? The answer is "no."

The Fourth Circuit recently discussed the issue of FTCA actions against federal employees and when the United States is properly substituted for the federal employee. See Doe v. Meron, __ F.3d __, 2019 WL 2838403, *1-2 (4th Cir. July 3, 2019). Under the FTCA, a federal employee is immune from personal liability suits if the claims arise "within the scope of their employment." Id. at *1; Maron, 126 F.3d at 321. The United States Attorney (or the United States Attorney General) must "certify" that the employee was acting in the scope of his or her employment. See Doe, 2019 WL 2838403 at *1; Maron, 126 F.3d at 321 (stating that the United States Attorney may make such certification).

Unless the plaintiff challenges this certification, it is "conclusive." Doe, 2019 WL 2838403 at *1. If the plaintiff wishes to challenge the certification, "he must prove that the defendants were not acting within the scope of their employment" by "present[ing] persuasive evidence refuting certification." Id.; id. at *5-6 (proof must be by a "preponderance of the evidence");

see also Gutierrez de Martinez v. D.E.A., 111 F.3d 1148, 1155 (4th Cir. 1997) (plaintiff must provide "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not merely conclusory allegations and speculation"); id. at 1154 (district court reviews de novo whether plaintiff has rebutted the certification). If the plaintiff does present such evidence, "the government must provide evidence and analysis supporting its conclusion that the conduct at issue was carried out within the scope of employment." Id. Finally, if the Court determines that the employee was acting in the scope of their employment, the United States is substituted as the proper party for the FTCA claim. Doe, 2019 WL 2838403 at *2; 28 U.S.C. § 2679(d)(1).

In this case, the United States Attorney for the Eastern District of Virginia has "certif[ied] that the named defendant, Darlene Edwards, was acting within the scope of her federal office or employment with respect to the claims raised in the referenced Complaint." ECF No. 15-1. In PLAINTIFF'S OPPOSITION TO DEFENDANT'S NOTICE OF SUBSTITUTION OF THE UNITED STATES OF AMERICA AS PROPER PARTY FOR DEFENDANT AND BRIEF IN SUPPORT THEREOF (ECF No. 19), a rambling document that raises various criticisms of the Assistant United States Attorney handling this case, Shurland states:

> Defendant's job description does not include
> having anything to do with SECURITY or being
> assigned to guard the entrance to the
> Director's Suite to avoid certain individuals
> from entering to speak to the Director's
> Secretary. Therefore, Defendant was not acting
> within the scope of her employment.

ECF No. 19 at 3 (emphasis in original).

Because Shurland questioned the United States Attorney's certification, the Defendants' REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (ECF No. 20) addressed Shurland's conclusory assertion about the scope of Edwards' employment. The Defendants argue that Shurland has presented no specific evidence to support his claim that Edwards was not acting in the scope of her employment; that Shurland is contradicting his prior position; and that Shurland's assertion is legally wrong under Virginia law.[8] ECF No. 20 at 2-4.

---

[8] Virginia substantive law applies to whether an employee was acting within the scope of her employment for purposes of the FTCA. Ross v. Bryan, 309 F.3d 830, 834 (4th Cir. 2002). As this Court has held, whether an employee is acting in the scope of employment under Virginia law requires an examination of several factors: "(i) the extent to which the employee was motivated by a desire to serve the employer in engaging in the tortious conduct; (ii) whether the tortious conduct was committed during the time the employee was on duty; (iii) whether the tortious conduct was committed while the employee was on the employer's premises or on premises where the employee's duties would naturally cause the employee to go; and (iv) the extent to which the impetus for the tortious conduct was causally related to the employee's employment." Gulf Underwriters Ins. Co. v. KSI Servs. Inc., 416 F. Supp. 2d 417, 420-21 (E.D. Va. 2006).

Shurland's conclusory rebuttal of the United States Attorney's certification fails for several reasons. First, all Shurland has done is to state that "SECURITY or being assigned to guard the entrance to the Director's Suite" was not in Edwards' job description. Shurland fails to "present or forecast specific evidence that contradicts the certification." Doe, 2019 WL 2838403 at *5. He cannot "rely on conclusory allegations and speculation," which is what he does here. Id. Second, the factors discussed in Gulf Underwriters support that Edwards was acting within the scope of her employment. See 416 F. Supp. 2d at 420-21. The altercation between Edwards and Shurland occurred at Edwards' place of employment (McGuire), occurred during the workday, and involved Edwards' interaction with Shurland as he attempted to gain access to the Director's office. Edwards' conduct fits most, if not all, of the Gulf Underwriters factors, and Shurland's assertions that Edwards' conduct was outside of her job description does not change the calculus.

Shurland has not satisfied his burden, by a preponderance of the evidence (or anything close), to refute the United States Attorney's certification that Edwards was acting within the scope of her employment. See Doe, 2019 WL 2838403 at *5. Accordingly,

pursuant to 28 U.S.C. § 2679(d)(1), the United States is the proper Defendant for the FTCA claims.[9]

### (2) Shurland's Intentional Tort Claims Are Barred By The United States' Sovereign Immunity

With the United States properly substituted, the resolution of Shurland's FTCA becomes straightforward. The FTCA is a "limited waiver of the government's sovereign immunity." See Doe, 2019 WL 2838403, at *2. Unless Congress has provided a waiver of sovereign immunity for the claims asserted by Shurland, his FTCA claims must be dismissed for "lack of jurisdiction." See id. at *2; Medina v. United States, 259 F.3d 220, 223-24 (4th Cir. 2001). Thus, it is necessary to examine the statutory scheme to determine if Shurland's claims fall into an exception to sovereign immunity.

Pursuant to 28 U.S.C. § 1346(b), federal district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages[,]. . .for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . ." See also Doe, 2019 WL 2838403 at *1-2. However, despite the seemingly

---

[9] This substitution only applies to the FTCA claims. Edwards remains the named Defendant for the claims under the False Claims Act and for "Disability and Age Discrimination." Compl. at 2; ECF No. 15 at 1-2 (acknowledging that Edwards would still remain as a Defendant if the Court construed the False Claims Act and discrimination claims as non-FTCA claims).

broad language of Section 1346(b), another provision, 28 U.S.C. § 2680, provides that "[t]he provisions of his chapter and section 1346(b) of this title shall not apply" in several circumstances. See Medina, 259 F.3d at 223-24 (describing interplay between § 1346(b) and § 2680).

Relevant to this case is 28 U.S.C. § 2680(h), which provides that the provisions of the FTCA shall not apply to:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.][10]

See United States v. Shearer, 473 U.S. 52, 53-56 (1985) (broadly construing this provision and noting its use of "sweeping language" to cover claims "arising out of" the various intentional torts); Medina, 259 F.3d at 224 ("Pursuant to § 2680(h), certain types of intentional torts are exempted from liability under the FTCA.").

Shurland cannot avoid the clear and unambiguous language of Section 2680(h). His COMPLAINT states that he is bringing a "Personal Injury Lawsuit, with Intentional Battery under the

---

[10]    Section 2680(h) goes on to provide an exception to the general rule for "investigative or law enforcement officers of the United States Government" (i.e. individuals who are "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law"). It is clear that Edwards, the Public Affairs Officer at McGuire, does not qualify as an "investigative or law enforcement officer." Thus, this exception does not apply.

Federal Torts Claims Act (FTCA)" against Edwards. Compl. at 2. His COMPLAINT against Edwards also vaguely asserts "Defamation of Character" and assault. See Compl. at 1-2. The intentional torts of battery and assault are explicitly referenced in Section 2680(h). Further, "[d]efamation is not actionable under the FTCA." Popovic v. United States, 175 F.3d 1015, *5 (4th Cir. 1999) (unpublished table decision) (citing 28 U.S.C. § 2680(h)). In other words, the United States has not waived sovereign immunity for any of the FTCA claims asserted by Shurland, and the Court lacks jurisdiction over them.[11] See Doe, 2019 WL 2838403 at *2. The Motion will be granted as to the FTCA claims under Fed. R. Civ. P. 12(b)(1).

## B. Shurland Fails To State A Claim Under The False Claims Act Or For Discrimination

The COMPLAINT makes passing reference to bringing a "civil action under the False Claims Act. . .[and] Disability and Age Discrimination." Compl. at 2. The Defendants argue that the COMPLAINT is best understood as not asserting freestanding claims under the False Claims Act or for age or disability discrimination. See, e.g., ECF No. 17 at 1 n.1 ("Plaintiff's references to the False Claims Act and disability and age discrimination are attempts

---

[11]     The Court need not address the alternative argument raised by the Defendants that Shurland failed to exhaust his administrative remedies before filing an FTCA action. See ECF No. 17 at 5-6.

to assert additional common law tort claims under the FTCA or to provide context to Plaintiff's FTCA claims, rather than an attempt to assert stand-alone statutory claims.").

However, because Shurland is proceeding pro se, the Court liberally construes the COMPLAINT, and thus understands the COMPLAINT as attempting to assert a claim under the FCA and claims for age and disability discrimination. Nonetheless, these claims fail to satisfy the pleading standards of Twombly and Iqbal, and will be dismissed.

### (1) False Claims Act

Shurland asserts that he is bringing a "civil action under the False Claims Act" without any elaboration. Compl. at 2. Generally speaking, the False Claims Act ("FCA") penalizes false or fraudulent monetary claims made to the United States Government. See 31 U.S.C. § 3729(a)(1); id. § 3729(b)(2) (defining "claim"). To state a claim under the FCA, the plaintiff must allege:

> (1) that the defendant made a false statement or engaged in a fraudulent course of conduct; (2) such statement or conduct was made or carried out with the requisite scienter; (3) the statement or conduct was material; and (4) the statement or conduct caused the government to pay out money or to forfeit money due.

U.S. ex rel. Harrison v. Westinghouse Savannah River Co., 352 F.3d 908, 913 (4th Cir. 2003). Additionally, "Rule 9(b) requires that [a False Claims Act] plaintiff must, at a minimum, describe the

15

time, place, and contents of the false representations, as well as the identity of the person making the representation and what he obtained thereby." Smith v. Clark/Smoot/Russell, 796 F.3d 424, 432 (4th Cir. 2015) (citation omitted).[12]

Shurland's COMPLAINT fails to state a claim under the FCA. The COMPLAINT contains no allegations whatsoever about a false claim being presented to the United States for payment. See generally Compl. at 1-5; Westinghouse Savannah River Co., 352 F.3d at 913. Nor are there allegations that any person allegedly making a false statement had the requisite scienter or whether the statement was material. Id.

Further, Shurland's allegations fail the heightened pleading requirements of Fed. R. Civ. P. 9(b) because he does not "describe the time, place, and contents of the false representations, [or] the identity of the person making the representation and what he obtained thereby." See generally Compl. at 1-5; Smith, 796 F.3d at 432. Rather, he incants the words "false claims act" and says no more. To the extent that Shurland is contending that various government employees have engaged in a cover-up of the August 7 incident at McGuire or have misconstrued the facts from that day,

---

[12]    The failure to comply with the heightened pleading requirements of Fed. R. Civ. P. 9(b) is properly the subject of a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). See Smith, 796 F.3d at 432.

those allegations do not state a claim under the FCA. Those claims have nothing to do with a false or fraudulent claim for payment from the United States Government.[13]

Shurland has failed to state an FCA claim, and the Motion will be granted as to this claim pursuant to Fed. R. Civ. P. 12(b)(6).

### (2) Age and Disability Discrimination

Next, Shurland states in conclusory fashion that he is bringing a civil action for "Disability and Age Discrimination." Compl. at 2. He does not identify the legal basis for these claims. Nor has he alleged any facts to establish that he is entitled to relief on these claims. Accordingly, the Motion will be granted as to these claims.

First, Shurland's claim of "Age Discrimination" fails. Shurland identifies no legal basis for "Age Discrimination," and the Court has not found one. Age does not receive heightened protection under the Fourteenth Amendment's Equal Protection Clause. See Mass. Bd. of Retirement v. Murgia, 427 U.S. 307, 313-

---

[13] Additionally, as the Defendants point out, Shurland has not followed the procedural requirements for a qui tam FCA action prescribed by 31 U.S.C. § 3730. More importantly, however, "[a] lay person may not bring a qui tam action under the False Claims Act," which means that Shurland cannot pursue an FCA claim pro se. See United States ex rel. Brooks v. Lockheed Martin Corp., 237 Fed. Appx. 802, 803 (4th Cir. 2007) (unpublished) (per curiam) (affirming dismissal of pro se FCA action). For these two additional reasons, dismissal of the FCA claim is warranted.

14 (1976) ("[E]ven old age does not define a 'discrete and insular' group. . .in need of 'extraordinary protection from the majoritarian political process.'") (citation omitted). Nor is there a readily apparent statutory basis for Shurland's age discrimination claim. The Age Discrimination in Employment Act ("ADEA") offers protections from job-related age discrimination, see 29 U.S.C. § 621 et seq.; Ramos v. Molina Healthcare, Inc., 603 Fed. Appx. 173, 178-180 (4th Cir. 2015) (unpublished), but Shurland is not claiming that he was discriminated on the basis of age in the employment context.

Even assuming that there were a legal basis for Shurland's claim, he has proffered no factual allegations regarding age discrimination, other than the fact that he is "a proud 69-year-old disabled Vietnam Era Veteran." Compl. at 1. Shurland has not identified how Edwards discriminated against him on the basis of age. See ECF No. 17 at 11. Shurland's conclusory allegation of "Age Discrimination" is "speculative" and does not "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570; see also Iqbal, 556 U.S. at 678 (complaint must do more than "tender[] naked assertions devoid of further factual enhancement") (citations and original alteration omitted). The "Age Discrimination" claim fails.

Second, Shurland's claim for "Disability Discrimination" also fails. As with his claim for "Age Discrimination," Shurland does not identify any legal basis for his claim of "Disability Discrimination." The Supreme Court of the United States has never held that the disabled receive heightened protections under the Equal Protection Clause. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439-46 (1985); Brown v. N.C. Div. of Motor Vehicles, 166 F.3d 698, 706-07 (4th Cir. 1999). Shurland has not identified a constitutional basis for his claim, nor does there appear to be one.

It is possible that Shurland is attempting to assert a statutory claim for "Disability Discrimination" under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., although he does not mention the ADA. The ADA forbids discrimination against disabled individuals in employment (Title I), public services (Title II), and public accommodations (Title III). See PGA Tour, Inc. v. Martin, 532 U.S. 661, 675-76 (2001).

Only Titles II and III of the ADA are arguably implicated by Shurland's allegations because there is nothing in this case about discrimination in employment. To state a claim under Title II of the ADA, Shurland must plead facts showing that he is disabled, that he is "otherwise qualified to receive the benefits of a public service, program, or activity," and that he was "denied the

benefits of such service, program, or activity, or otherwise discriminated against, on the basis of [his] disability." Nat'l Fed'n of the Blind v. Lamone, 813 F.3d 494, 502-03 (4th Cir. 2016). And, to state a claim under Title III, Shurland must plead that he is disabled, that the defendant owns or operates a place of public accommodation, and that the defendant discriminated against Shurland "because of his disability." J.D. ex rel. Doherty v. Colonial Williamsburg Found., 925 F.3d 663, 669-70 (4th Cir. 2019).

Shurland asserts that he is "a proud 69-year-old disabled Vietnam Era Veteran with chronic heart at 35%." Compl. at 1; see also ECF No. 1-1 at 3 (stating that Shurland has "total and permanent serviced connected disability for lower back injury, PTSD with MDD stressors connected" and that he is "unemployable due to established service-connected disabilities"). Assuming that is sufficient to satisfy the ADA's definition of disability, Shurland offers no factual allegations that he was denied services, programs, activities, or public accommodation because of his disability. See Lamone, 813 F.3d at 502-03; Colonial Williamsburg Found., 925 F.3d at 669-70.  Rather, Shurland appears to believe that, because he has a disability, the negative treatment he claims to have received from Edwards is an example of "Disability Discrimination." That does not state a plausible claim for relief. See Twombly, 550 U.S. at 555, 570; Iqbal, 556 U.S. at 678.

Shurland has failed to state a claim for "Disability and Age Discrimination," and the Motion will be granted under Fed. R. Civ. P. 12(b)(6).

## C. Leave To Amend Would Be Futile

Whether to dismiss with prejudice is within the Court's discretion. See Carter v. Norfolk Cmty. Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir. 1985); Lokesh Babu Vuyyuru v. Wells Fargo Bank, No. 3:15CV598, 2016 WL 4059357, at *5 (E.D. Va. July 28, 2016). Dismissal with prejudice is appropriate where, for example, "amendment is futile." Lokesh, 2016 WL 4059357, at *5 (citation omitted). Here, "amendment is futile" for several reasons. First, Shurland cannot assert any of his FTCA claims because the United States has not waived sovereign immunity with respect to them. Second, his FCA and "Disability and Age Discrimination" claims have no factual or legal support (and appear to have been thrown in by Shurland as an afterthought).[14]

The Court is mindful of Shurland's pro se status. See Haas v. City of Richmond, 2018 WL 3826776, *6 (E.D. Va. Aug. 10, 2018).

---

[14] Additionally, some of Shurland's allegations sound vaguely like a "malicious prosecution" claim. See Compl. at 3 (discussing how the Government had no "admissible evidence" to proceed with the disorderly conduct charge against Shurland). To the extent that Shurland is alleging a "malicious prosecution," that claim is barred by the sovereign immunity of the United States. See 28 U.S.C. § 2680(h) ("malicious prosecution" included in list of intentional torts for which Congress has not waived sovereign immunity).

21

But, it is clear that his claims against the Defendants lack merit and that allowing him to file an Amended Complaint would burden the Defendants, who have "expended considerable time and effort in responding (quite diligently) to Plaintiff's many pleadings." Id. Allowing Shurland to file an Amended Complaint where he so clearly cannot state a claim would be wasteful and unduly burdensome on the Defendants. The COMPLAINT is thus dismissed with prejudice.

CONCLUSION

For the reasons set forth above, the DEFENDANT'S RENEWED MOTION TO DISMISS (ECF No. 16) will be granted, and the dismissal will be with prejudice.

The facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

The Clerk is directed to send a copy of this MEMORANDUM OPINION to Shurland.

It is so ORDERED.

/s/ _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August __5__, 2019